IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 16-14116 - aih |
| JARVIS ALAN CLARK ) | JUDGE ARTHUR I. HARRIS |
| ) | CHAPTER 13 |
| Debtor. ) | |

## AMENDED MOTION TO MODIFY CHAPTER 13 PLAN PRIOR TO CONFIRMATION

**1.** Debtor hereby moves this Honorable Court for its order approving his Modified Chapter 13 Plan, dated 12/15/16, attached hereto as Exhibit "B".

**2.** In support of this motion counsel for debtor states that he inadvertently entered the entire estimated debt of "$67,627.00" rather than "$10,144.00 or 15% which ever is greater" in paragraph 7 of the plan, which inflated debtor's monthly plan payment. The modified plan corrects this error.

**WHEREFORE,** Debtor respectfully request that this Court confirm debtor's Modified Plan, dated 12/15/16.

Respectfully submitted,

*/s/ Mark H. Knevel*
_____
**KNEVEL LAW CO. LPA**
Mark H. Knevel, Esq. 0029285
Attorney for Debtor
5250 Transportation Blvd #201
Garfield Heights, OH 44125
(216) 523-7800, FAX 523-7801
Email: mknevel@knevel.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 Case No.: 16 - 14116 - aih |
| | ) | |
| JARVIS ALAN CLARK | ) | Judge ARTHUR I. HARRIS |
| | ) | |
| Debtor. | ) | Original Chapter 13 Plan |
| | ) | XX   Modified Chapter 13 Plan, dated  12/15/16 |

***********************************************************************

**NOTICE OF SPECIAL PROVISIONS (Check One)**

_X_   This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

____   This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.

**NOTICE OF DISCHARGE ELIGIBILITY**
The Debtor is eligible for discharge unless otherwise indicated below:

____   Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

____   Joint Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

**ATTENTION CREDITORS AND PARTIES IN INTEREST**
This plan sets forth how the Debtor or Debtors ("Debtor") propose to pay claims.  You should read this plan carefully and discuss it with your attorney.  Anyone who wishes to oppose any provision of this plan must file a timely written objection with the court.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed.  Creditors must file a proof of claim with the court in order to receive distributions under this plan.

---

**1. PAYMENTS**
A. The Debtor shall make monthly payments to the Chapter 13 Trustee ("Trustee") in the amount of $230.00 per month ("Plan Payment") for at least the duration of the applicable commitment period, unless all allowed claims are paid in full in a shorter period of time.

B. (Check One)

_X_   The applicable commitment period is 36 months.

____   The applicable commitment period is 60 months.

C. Unless the court orders otherwise, the plan will not be considered complete until either (i) all allowed claims are paid in full, or (ii) the plan has run for at least the applicable commitment period and at least the amount specified in paragraph 7 has been paid to unsecured creditors.

D. Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any conduit payments paid by the Trustee.

1

## 2. DISTRIBUTIONS

**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraph 5(C); (v) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (vi) monthly payments as provided for in paragraph 6; and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. The Trustee may distribute amounts different from the monthly payments specified in the plan if the Trustee determines such deviation is appropriate or reasonably necessary for the administration of the plan.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court orders otherwise, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan. Conversely, distributions on account of claims in paragraphs 3(B), 4(B) and 4(C) will be based upon the classification and amount stated in the plan rather than the classification and amount stated in the claim holder's proof of claim. Unless otherwise set or mandated by statute, interest on all secured personal property claims provided for in this plan shall be paid pursuant to paragraph 4(D).

## 3. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage Arrearages and Real Estate Tax Arrearages (Paid per the Proof of Claim)

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| Ocwen Loan Servicing | 16000 Waterloo Road Cleveland, Ohio | $0 | * Property to be surrendered. See paragraph 9 |
| 21st Mortgage Corp | 3455 Edison Road Cleveland Heights, OH | $0 | |

### B. Other Real Estate Claims (Paid per the Plan)

Trustee shall pay the monthly payment amount to creditors up to the amount and interest rate as specified below. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the amount, interest rate and monthly payment specified below will be binding under 11 U.S.C §1327.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| City of Cleveland Treasurer | 16000 Waterloo Road Cleveland, Ohio | $0 | $0 | * Property to be surrendered. See paragraph 9 |

### C. Conduit Payments

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case (or the first payment due after the filing of a modified plan if the modified plan proposes to change the treatment of a mortgage from "non-conduit" to "conduit"). Unless real estate taxes and insurance are included in the

mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) |
|---|---|---|
| NONE | | |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY
**A. Secured Claims (Paid per the Proof of Claim)**
Claims specified below are debts secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Trustee shall pay the following claims, with interest per paragraph 4(D), in equal monthly payments as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| NONE | | |

**B. Other Secured Claims (Paid per the Plan)**
Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims up to the secured amount, with interest per paragraph 4(D), in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the secured amount and monthly payment specified below will be binding under 11 U.S.C. §1327.

| Creditor | Collateral Description | Secured Amount | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| NONE | | | |

**C. Pre-confirmation Adequate Protection Payments (Paid per the Plan)**
Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| NONE | | |

**D. Interest**
The interest rate to be paid on all secured personal property claims provided for in this plan shall be the prime rate plus a risk factor of 2.0%. The applicable prime rate shall be fixed for the life of this plan at the U.S. prime rate shown in the Wall Street Journal for Money Rates as of the date of the entry of the confirmation order. Only through separate order may a party-in-interest obtain court approval to apply a different interest rate. This provision shall not alter interest rates set or mandated by statute.

**5. DOMESTIC SUPPORT OBLIGATIONS (Paid per the Proof of Claim)**
A. Debtor   does   **X does not**   have domestic support obligations under 11 U.S.C. §101(14A).

B. Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) unless the holder is a minor. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee in a private document contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

<u>Holder Name</u>          <u>Address</u>

NONE


C. Trustee shall pay the monthly payment amount to creditors for domestic support obligation arrearages as specified below. Debtor shall pay the holder(s) of non-arrearage claims for domestic support obligations as those payments ordinarily come due unless otherwise specified in paragraph 11 – Special Provisions.

| Creditor | Creditor Address | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|
| NONE | | |


**6. OTHER PRIORITY CLAIMS (Paid per the Proof of Claim)**
Trustee shall pay the monthly payment amount to creditors for allowed unsecured priority claims as specified below.

| Creditor | Monthly Payment (Paid by Trustee) |
|---|---|
| NONE | |


**7. GENERAL UNSECURED CLAIMS**
Debtor estimates the total of the non-priority unsecured debt to be $67,627.00. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $10,144.00 or 15%, whichever is greater. Trustee is authorized to increase the amount paid to unsecured creditors in order to comply with paragraph 1 of this plan.

**8. PROPERTY TO BE SURRENDERED**
A. Debtor surrenders the property described below and the creditor may file a claim for the deficiency, which will be treated as a non-priority unsecured claim. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| Ocwen Loan Servicing | 16000 Waterloo Road<br>Cleveland, OH  44110 |
| City of Cleveland - Treasurer | 16000 Waterloo Road<br>Cleveland, OH  44110 |

## 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (Pay per the Proof of Claim)

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages as specified below. Debtor shall pay all post-petition payments that ordinarily come due.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|

NONE

## 10. OTHER PLAN PROVISIONS

**A.** Property of the estate shall revest in the Debtor ☐ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not made a designation, property of the estate shall revest in the Debtor upon confirmation. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case. All property in which the Debtor retains possession shall be insured by the Debtor. Trustee shall have no responsibility to insure assets and shall have no liability for damage or loss relating to property which is in the possession and control of the Debtor.

**B.** Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**C.** Trustee shall pay any post-petition claim filed and allowed under §1305(a)(1).

**D.** The following co-debtor claims will be paid by the co-debtor outside the plan:

| Creditor | Property Description |
|---|---|

NONE

## 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1 of this plan.** Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

NONE

5

/s/ Jarvis Alan Clark
_____           DATE: 12/15/16
JARVIS ALAN CLARK - Debtor


/s/ Mark H. Knevel
_____           DATE: 12/15/16
Mark H. Knevel, Esq. (0029285)
Attorney for Debtor(s)
Knevel Law Co LPA
5250 Transportation Blvd  Suite 201
Garfield Heights, OH  44125
(216) 523-7800
(216) 523-7801 Fax
Email:  mknevel@knevellaw.com

# CERTIFICATE OF SERVICE

Debtor, by and through counsel, hereby certify a copy of Debtor's Amended Motion to Modify Chapter 13 Plan Prior to Confirmation, was served upon the following, by CM / ECF Noticing System or ordinary US Mail, as indicated, on this the 19h day of January, 2017 :

**Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:**

**Office of the United States Trustee – Region 9**
    **Cleveland Off ice of the United States Trustee**, on behalf of Daniel M. McDermitt, United States Trustee for Region 9 at the registered United States Trustee ECF mail box @usdoj.gov, established with the bankruptcy court.

**Chapter 13 Trustee**
    **Craig Shopneck** at ch13shopneck@ch13cleve.com

**By Ordinary US Mail**

    **Debtor**
        Jarvis Alan Clark
        5868 Bearcreek
        Bedford Heights, OH  44146

    **Creditors**
        **All Scheduled Creditors**
        (See attached Clerk of Courts Mailing Matrix)

/s/ *Mark H. Knevel*
_____
**KNEVEL LAW CO. LPA**
Mark H. Knevel (0029285)
Attorney for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-1<br>Case 16-14116-aih<br>Northern District of Ohio<br>Cleveland<br>Thu Jan 19 11:49:18 EST 2017 | Howard M. Metzenbaum U.S. Courthouse<br>United States Bankruptcy Court<br>Howard M. Metzenbaum U.S. Courthouse<br>201 Superior Avenue<br>Cleveland, OH 44114-1235 | 21st Mortgage Corp<br>620 Market St One Cntr Square<br>Knoxville, TN 37902-0000 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Cap1/mitsu<br>90 Christiana Rd<br>New Castle, DE 19720-3118 | Capital One<br>PO Box 85064<br>Glen Allen, VA 23058-0000 |
| Chase<br>PO Box 15298<br>Wilmington, DE 19850-5298 | Chase Card<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Citi Cards<br>P.O. Box 6500<br>Sioux Falls, SD 57117-6500 |
| City Of Cleveland Treasurer<br>Building And Housing<br>Po Box 74672<br>Cleveland, OH 44194-0002 | City of Cleveland Heights Water Dep<br>40 Severance Circle<br>Cleveland, OH 44118-1576 | Credit One Bank<br>PO Box 98875<br>Las Vegas, NV 89193-8875 |
| Culligan Of Cleveland<br>Po Box 2932<br>Wichita, KS 67201-2932 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850-5316 |
| Dsnb Macys<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | EMH Reg Health System<br>c/o JP Recovery Services<br>PO Box 16749<br>Rocky River, OH 44116-0749 | First American Loans<br>AAFA Of Ohio Inc<br>33419 Vine Street<br>Eastlake, OH 44095-3472 |
| First National Bank Of Omaha<br>Po Box 2557<br>Omaha, NE 68103-2557 | First Premier Bank<br>601 S Minnesota Avenue<br>Sioux Falls, SD 57104-4868 | National Cash Advance<br>c\o McKenzie Small Loans Of Ohio<br>25951 Euclid Avenue<br>Euclid, OH 44132-2723 |
| Nationwide Insurance<br>c/o Credit Colection Services<br>Two Wells Avenue<br>Newton Center, MA 02459-3225 | Northeast Ohio Regional Sewer Dist<br>Po Box 94550<br>Cleveland, OH 44101-4550 | Ocwen<br>Po Box 24738<br>West Palm Beach, FL 33416-4738 |
| Ocwen Loan Servicing L<br>1661 Worthington Rd Suite 100<br>West Palm Beach, FL 33409-6493 | PNC Bank NA<br>1 Financial Parkway<br>Kalamazoo, MI 49009-8002 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Sears Credit Card<br>P.O. Box 6189<br>Sioux Falls, SD 57117-6189 | Sears/cbna<br>Po Box 6282<br>Sioux Falls, SD 57117-6282 | Slate From Chase<br>Po Box 15123<br>Wilmington, DE 19850-5123 |

Verizon Wireless  
Po Box 25505  
Lehigh Valley, PA 18002-5505

Craig H. Shopneck  
Chapter 13 Trustee  
200 Public Square, Suite 3860  
Cleveland, OH 44114-2322

Jarvis Alan Clark  
5868 Bearcreek  
Bedford Heights, OH 44146-2960

Mark H. Knevel  
Knevel Law Co. L.P.A.  
Kennard Professional Bldg  
5250 Transportation Blvd #201  
Garfield Heights, OH 44125-5361

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America  
PO Box 982235  
El Paso, TX 79998-0000

Portfolio Recovery Associates, LLC  
POB 12914  
Norfolk VA 23541

End of Label Matrix  
Mailable recipients    33  
Bypassed recipients     0  
Total                  33